IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00280-CR-W-HFS |
| | ) | |
| ALFREDO CISNEROS-GUTIERREZ, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before me for review is Judge Maughmer's 32-page report and his recommendation that I

deny six motions to suppress filed by six defendants. Doc. 102. A voluminous transcript has been

prepared, covering the hearing before the Magistrate Judge, dealing with three residential searches.

I have given de novo consideration to the motions and the record. The briefing indicates there are

essentially issues of fact comparing the credibility of defendant and law enforcement witnesses. The

legal issues do not seem to be novel, and are driven by the factual context.

Little indication appears from which I could latch on to circumstantial facts to resolve

credibility issues based on the conflicts in testimony. I realize, and am sure the Magistrate Judge

realizes, that law enforcement evidence is sometimes tainted by wishful thinking or worse, just as

there is frequently a credibility taint on a defendant's self-serving testimony. The Magistrate Judge

has heard the witnesses and was well able to appraise their credibility. After study of the transcript

I am quite content with the proposed findings. A written opinion on the law or the facts would not

be useful under the circumstances.

The last-filed objections (Doc. 122) rely essentially on two points of alleged vulnerability. It is contended that a disinterested witness, Manuel Ortiz, confirmed at least part of the contentions of defendants regarding the first residential encounter, and that his testimony should be favored over that of the two law enforcement witnesses.[1]  It is also contended that specific reasons need be given for a credibility conclusion, so as to assist review.

Defendant cites immigration cases and fails to cite any criticism of the frequent conclusory favoritism of law enforcement testimony over defendant testimony in a suppression case.  I would agree that a report and recommendation would be deficient if it simply asserted that law enforcement testimony is routinely more credible than defendant testimony.  When appraising the testimony of individual witnesses, however, no particularized basis for adjudging credibility in a "he said, he said" situation seems to be required.[2]  Defendant's citations are notably out of context.

As to witness Manuel Ortiz, it might have been well to appraise that testimony separately, because of its apparent objectivity.  Even accepting the testimony that Mr. Ortiz as a bystander had certain impressions of the events, that would not change the result here when the actors themselves have testified.  The two law enforcement witnesses were experienced with the nuances of searches. They do not appear to be "loose cannons."

Deference to the magistrate's credibility determinations is appropriate when they are supported by the record.  United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005).  Such deference

---

[1]It can be argued that the officers have personal career interests and professional interests in successful prosecutions, regardless of legal restrictions.

[2]Conclusory findings on comparative credibility appear to be routine, in suppression cases, although specific reasons are of course desirable, when emerging from the evidence.  See, e.g., United States v. Lawrence, 978 F.2d 745, 1992 WL 32217 (C.A.D.C.).  Judges cannot create details absent from the record.

2

is permitted, although not compelled.  <u>United States v. Raddatz</u>, 447 U.S. 667, 681 (1980).  As Justice Blackmun observed, the district judge who accepts proposed credibility findings serves as a "'backup' jurist whose review serves to enhance reliability and benefit the defendant".  447 U.S. at 684.   In light of the de novo nature of the review, serious reconsideration is required, not a rubber-stamping of recommendations that may not ring true.  Having performed that task I hereby ADOPT the report and recommendation, and DENY the motions to suppress (Docs. 65, 56, 57, 67, 50 and 48).[3]


    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 17, 2008

Kansas City, Missouri

---

[3]I do note Judge Maughmer's error in referring to the style of one document as being filed by the wrong brother.  The brothers had different roles and were in different places so I am satisfied that Alfredo and Alfonso were not confused by the judge.

Case 4:07-cr-00280-HFS   Document 123   Filed 06/17/08   Page 3 of 3